UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                                **MEMORANDUM & ORDER**
       - against -                                 19-CR-221 (MKB)

COREY MOBLEY,

                          Defendant.
-------------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

Corey Mobley pleaded guilty on June 14, 2021, to (1) one count of committing and threatening to commit physical violence in furtherance of a plan to commit robbery, in violation of 18 U.S.C. § 1951(a); (2) one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and (3) two counts of possessing and brandishing a firearm during a crime of violence and drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii). (Superseding Indictment, Docket Entry No. 63; Min. Entry dated June 14, 2021.) On October 14, 2022, Judge Raymond J. Dearie sentenced Mobley to 240 months of imprisonment followed by five years of supervised release and restitution in the amount of $8,800.00.[1] (Min. Entry dated Oct. 14, 2022; J., Docket Entry No. 346.) On November 1, 2022, the parties submitted a joint letter-motion to vacate one of the counts of brandishing a firearm in furtherance of a crime of violence. (Joint

---

[1] Judge Dearie sentenced Mobley to seventy-two months of imprisonment for committing and threatening to commit physical violence in furtherance of a plan to commit robbery, to run concurrently with his sentence of seventy-two months of imprisonment for Hobbs Act robbery. (J., Docket Entry No. 346.) Judge Dearie also sentenced Mobley to eighty-four months of imprisonment for each count of possessing and brandishing a firearm during a crime of violence and drug trafficking crimes, to run consecutively to the sentenced imposed on all other counts. (*Id.*)

Motion to Vacate, Docket Entry No. 356.)  The Government explained that, "[i]n accordance with recent guidance from the Department of Justice, the [G]overnment can no longer defend the viability of" the count "insofar as it is predicated on the 'violence clause' of the Hobbs Act" robbery.  (*Id.* at 1.)  On December 16, 2022, Judge Dearie granted the joint motion, dismissed one count of possessing and brandishing a firearm during a crime of violence, and re-sentenced Mobley to 228 months of imprisonment followed by five years of supervised release and restitution of $8,800.00.[2]  (Min. Entry dated Dec. 16, 2022; Order dated Dec. 21, 2022.)  Mobley is scheduled to be released from FCI Hazelton on August 12, 2036.  *See* Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited July 1, 2025).

On June 3, 2025, Mobley filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Def.'s Mot. for Reduction of Sentence ("Def.'s Mot."), Docket Entry No. 482; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 485.)  On June 23, 2025, the Government opposed Mobley's motion.  (Gov't Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 484.)  For the reasons set forth below, the Court[3] denies Mobley's motion.

---

[2]  Judge Dearie re-sentenced Mobley to 144 months of imprisonment for committing and threatening to commit physical violence in furtherance of a plan to commit robbery, to run concurrently with his sentence of 144 months of imprisonment for Hobbs Act robbery.  (Am. J., Docket Entry No. 380.)  Judge Dearie also re-sentenced Mobley to eighty-four months of imprisonment for one count of possessing and brandishing a firearm during a crime of violence and drug trafficking crimes, to run consecutively with all other counts.  (*Id.*)

[3]  On February 21, 2024, this case was reassigned from Judge Dearie to the undersigned. (Order Reassigning Case dated Feb. 21, 2024.)

2

I. **Background**

Mobley participated in a series of planned armed robberies between March and May of 2019.[4] (Presentence Investigation Report ("PSR"), Docket Entry No. 318.)

On March 2, 2019, Mobley and his co-defendant Gabriel Stroia ambushed John Doe in his apartment building hallway in Brooklyn. (*Id.* ¶¶ 11–12.) They bound Doe with duct tape and repeatedly beat him in the hallway and inside his apartment. (*Id.* ¶¶ 12–13.) Mobley and Storia took cocaine and approximately $40,000 from Doe's apartment and fled the building. (*Id.* ¶ 13.)

In or around March of 2019, co-defendant John Martin recruited Mobley to join a conspiracy to commit armed robberies of predominantly Chinese immigrants who were either drug dealers or who were believed to have large amounts of cash stored in their homes. (*Id.* ¶ 10.) On March 29, 2019, Martin enlisted Mobley and co-defendant Ivan Eli to rob individuals in New Brunswick, New Jersey, who they believed were bringing a large amount of money from their residence to a bank. (*Id.* ¶ 26.) They abandoned their plans after Eli realized that a security camera captured his license plate, but Mobley and Martin returned to the New Brunswick location on April 6, 2019. (*Id.* ¶¶ 26–27.) The same day, Martin spoke with co-defendant Lamonte Johnson by phone, who was incarcerated in a state prison, and told Johnson that he was returning from New Jersey with Mobley and bragged about how much money they had stolen. (*Id.* ¶ 27.) On April 7, 2019, Martin, Johnson, and co-defendant Shi Zhen Lin spoke by phone about dividing the previous day's robbery proceeds of approximately $120,000 in cash and $50,000 worth of an unnamed item. (*Id.* ¶ 28.)

On May 3, 2019, Mobley, Martin, Eli, and co-defendant Brandon Daniels drove to Staten

---

[4] Mobley's five co-defendants include Gabriel Stroia, John Martin, Brandon Daniels, Lamonte Johnson, and Shi Zhen Lin. (PSR 1.)

3

Island to rob a family they believed had a large amount of cash and jewelry at their residence. (*Id.* ¶ 29.) Mobley and Daniels brought with them firearms, masks, gloves, and zip ties, but decided to not go through with the robbery because they determined the victims would likely be able to escape. (*Id.*)

On May 4, 2019, Martin, Mobley, and Daniels robbed a residence in Little Neck, Queens, which was captured almost entirely on home video surveillance cameras. (*Id.* ¶ 30; *see* GX1.) Mobley and Daniels forced their way into the victims' home and dragged an elderly disabled woman and young child across the floor into a downstairs bedroom. (*Id.* ¶ 31.) Mobley and Daniels, who was brandishing a gun, asked the victims where their home video surveillance camera was located and told the victims they knew there was money in the house and that they would kill the occupants if they did not tell them where to find the money. (*Id.*) Mobley and Daniels pulled Victim #1, an adult woman, out of the downstairs bedroom and demanded to know where the money was. (*Id.* ¶ 32.) They continued ransacking the house for money. (*Id.*) Daniels sexually assaulted Victim #1 while holding a gun to her back. (*Id.*) Mobley later took Victim #1 into her mother's bedroom and sexually assaulted her. (*Id.* ¶ 33.) Mobley explicitly threatened Victim #1, stating, "[W]ho's it going to be, your mother or your children," and when Victim #1 repeated that there was no money in the house, Mobley said, "All right, shoot the kids." (*Id.* ¶ 34.) Mobley and Daniels called Martin on the phone and told him to come inside the apartment, and Martin entered the home for several minutes and then returned to his car outside. (*Id.* ¶ 35.) After Martin left, Mobley pulled Victim #1 back into her mother's bedroom and sexually assaulted her again. (*Id.* ¶ 37.) Mobley and Daniels fled the scene shortly thereafter with a few thousand dollars that the victims had set aside for family gifts, as well as a few hundred dollars from Victim #1's wallet. (*Id.* ¶¶ 37–38.)

On May 5, 2019, Mobley, Daniels, and Eli drove to a house on Setauket, Long Island to rob a residence they believed had $1,000,000.00 hidden inside. (*Id.* ¶ 40.) Mobley and Eli had guns but abandoned the robbery after they broke into the garage and Eli claimed that he saw an alarm system. (*Id.*) Mobley was arrested on May 8, 2019, in Brooklyn, and made no post-arrest statements. (*Id.* ¶ 42.)

## II. Discussion

### a. Standard of review

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," section 3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Laporta*, No. 24-1735, 2025 WL 1202094, at *1 (2d Cir. Apr. 25, 2025) ("Section 3582(c)(2) provides that when a defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 'the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" (quoting 18 U.S.C. § 3582(c)(2))). Reductions are therefore authorized only if they are consistent with the Sentencing Commission's policy statements — "namely [Guidelines] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission' — namely, § 1B1.10.").[5] Section 3582(c)(2) thus establishes the following "two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*; *United States v. Williams*, 102 F.4th 618, 623 (2d Cir. 2024) ("[A] district court must determine 'whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.' If the defendant is found to be eligible, the district court must still consider whether a sentence reduction is warranted based on the sentencing factors in section 3553(a) and any applicable policy statements issued by the Sentencing Commission." (first quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013); and then citing *Dillon*, 560 U.S. at 827)); *see also United States v. Cordero*, No. 17-CR-150, 2025 WL 1779179, at *1 (D. Conn. June 27, 2025) ("Courts must apply a 'two-step approach': (1) 'determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized,'; and (2) 'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" (alteration in original) (quoting *Dillon*, 560 U.S. at 827)); *United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding

---

[5] Although the Supreme Court decided *Dillon v. United States*, 560 U.S. 817 (2010) based on versions of section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings." *See Dillon*, 560 U.S. at 819; United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

6

at step one that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Among the amendments listed in subsection (d) of section 1B1.10 is Amendment 821, which went into effect on November 1, 2023 and was applied retroactively.[6] *See United States v. Major*, No. 23-6166, 2024 WL 1404577, at *4 (2d Cir. Apr. 2, 2024) (explaining that "the Sentencing Commission has made [Amendment 821] retroactive, thereby authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2)"); *United States v. Garcia*, No. 20-CR-673, 2024 WL 586459, at *1 (S.D.N.Y. Feb. 12, 2024) (noting that Amendment 821 "went into effect on November 1, 2023 and applies retroactively"). Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1. In its previous form, section 4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3,

---

[6] U.S. Sent'g Comm'n, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 17, 2024).

7

2023). Amendment 821 eliminated this subsection and replaced it with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*; U.S.S.G. § 4A1.1(e).

The Sentencing Commission's policy statements further provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also Williams*, 102 F.4th at 622 (noting that the Guidelines "forbid[s] sentence reductions if the amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))); *United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (observing that a "sentencing court cannot reduce [a] defendant's sentence if [the relevant] retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))); *United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("[A] sentence reduction is not authorized if 'an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" (second and third alterations in original) (quoting *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009))); *United States v. Ajelero*, No. 17-CR-546-2, 2024 WL 5105550, at *3 (E.D.N.Y. Dec. 13, 2024) (explaining that a sentencing reduction under Amendment 821 "may be applied retroactively unless the reduction 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))).

### b.  Mobley is entitled to a reduction in his criminal history points

Mobley is entitled to a two-point reduction in his criminal history points. His criminal history category of III at the time of re-sentencing was based on a total of five criminal history points, (PSR ¶¶ 99–100), two of which were assigned for committing the robberies while on parole under the version of U.S.S.G. § 4A1.1(d) in effect before Amendment 821. Under Amendment 821, the two-point increase no longer applies, reducing Mobley's total criminal history score to three. (*See* Suppl. Presentence Report ("Suppl. PSR") 2–3, Docket Entry No. 428.) The lower criminal history score places Mobley in a criminal history category II, and with his total offense level of 31, the applicable revised Guidelines range is 205 months to 235 months of imprisonment, including the seven-year mandatory minimum on the count of possessing and brandishing a firearm during a crime of violence and drug trafficking crimes.[7] (*Id.* at 3; Gov't Opp'n 8.) The parties agree that Mobley is eligible for a reduction in his criminal history points, (Suppl. PSR 3; Def.'s Mot. 2; Gov't Opp'n 7), but that does not alone qualify Mobley for a sentence reduction, *see, e.g.*, *United States v. Laurent*, No. 11-CR-303, 2024 WL 4424393, at *4 (E.D.N.Y. Oct. 4, 2024) ("[E]ligibility for a change in Criminal History Category does not necessarily warrant a sentence reduction." (citation omitted)). The Court must also consider whether a reduction in sentence is warranted according to the section 3553(a) factors. *United States v. Jacklyn*, No. 24-1817, 2025 WL 1216675, at *2 (2d Cir. Apr. 28, 2025) (explaining that even if "the defendant is eligible for a sentence reduction under the amendment to the Guidelines," the "district court must still consider at step two whether the section 3553(a)

---

[7] The Guidelines range Judge Dearie considered at re-sentencing was 219 months to 252 months of imprisonment, including the seven-year mandatory term of imprisonment on the count of possessing and brandishing a firearm during a crime of violence and drug trafficking crimes. (Suppl. PSR 3.)

9

factors weigh in favor of a reduction" (citing *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010))).

### c. The section 3553(a) factors do not favor a reduced sentence

Mobley argues that the Court should reduce his sentence by twenty-three months, from 228 months to 205 months, which is at the bottom of the amended Guidelines range. (Def.'s Mot. 1, 3.) First, he argues that he has "remorse for his prior inexcusable wrongful conduct." (*Id.* at 1.) Mobley's counsel states that "no defendant has expressed more consistently and forcefully his remorse for his prior actions." (*Id.* at 2.) Second, Mobley notes that he has severe health issues that remain unaddressed, including high blood pressure, anxiety attacks, claustrophobia, and dental issues. (*Id.*) Third, he argues that he has demonstrated his commitment to "mak[ing] himself worthy as a law-abiding productive member of society outside [of] the custodial environments" he has been in "for most of his life." (*Id.* at 1; *see also* Def.'s Reply 2.) In support, Mobley states that he (1) has maintained close family relationships and is the only family member who has the "strength and fortitude" to care for his ill mother; (2) "maintains his status as advisor and religious guide to those inmates who recognize his leadership"; (3) has obtained his high school diploma and is currently enrolled in Victorville College Business courses and plans to complete more coursework; and (4) "finds a way to be assigned a prison job to stay busy" whenever "opportunity permits." (Def.'s Mot. 2.) Finally, Mobley argues that he is unlikely to recidivate because he will be in his sixties when he is released. (*Id.* at 3.) He notes that the Sentencing Commission's comments to Amendment 821 recognize that "the empirical data does not support that lower [criminal history] status points reflect an increased likelihood of recidivist behavior" and that he has "avoided administrative sanction so much so that he currently awaits transfer to a medium security institution." (*Id.* at 2.)

10

Mobley argues that the Sentencing Commission's research "make[s] it clear that sentences in excess of 120 months coupled with offender aging produce the lowest recidivism rates" that the Commission measures. (*Id.* at 3 (citation omitted).) He also cites "[c]urrent penological literature on sentencing violent crime" that "disparages sentences of the length Mr. Mobley has already endured." (*Id.* (citations omitted); *see also* Def.'s Reply 3.) Mobley argues that his request for a twenty-three month reduction in his sentence is "sufficient to protect the public from further crimes of the defendant, deter comparable criminal conduct by others, reflect the seriousness of his conduct and provide just punishment." (Def.'s Mot. 3.)

The Government opposes Mobley's request for a sentence reduction, which they note is "within the Guidelines range even under the amended Guidelines." (Gov't Opp'n 8.) The Government argues that there "is no basis to disturb" Judge Dearie's weighing of the section 3553(a) factors, "especially in light of the profound seriousness and viciousness" of Mobley's crimes. (*Id.* at 7.) First, the Government argues that nothing "material" has changed since Mobley's re-sentencing, "the only thing that has changed is that the advisory Guidelines no longer account for the fact that [Mobley] committed the instant offense while on parole." (*Id.* (emphasis omitted).) However, the Government argues that Mobley's "commission of the offense while on parole . . . is still entitled to independent weight under the section 3553(a) factors, whether or not the Guidelines consider it." (*Id.*) The Government further argues that "a sentence closer to the bottom of the amended Guidelines cannot be justified in light of the extraordinary seriousness of [Mobley's] crime and the nature of his criminal history, both of which strongly favor a sentence at the top of any Guidelines range." (*Id.* at 8.) Second, the Government argues that Judge Dearie "independently weighed the section 3553(a) factors" and "reached his own view on the appropriate sentence" that did not place "undue emphasis" on the

11

Guidelines. (*Id.*) In support, the Government notes that Judge Dearie has a reputation "for his willingness to vary below the Guidelines where appropriate," imposed below Guidelines sentences on Mobley's co-defendants, and only reduced Mobley's sentence by twelve months at re-sentencing even though the Guidelines decreased by three years and the mandatory minimum decreased by seven years. (*Id.*) Third, the Government argues that Mobley presented the same arguments about his age and the appropriateness of lengthy sentences at re-sentencing, and that Judge Dearie considered those arguments in determining Mobley's current sentence. (*Id.*) In addition, the Government argues that Mobley's positive record while incarcerated will be rewarded by Good Time credits that already reduce his sentence and do not warrant a further reduction under the section 3553(a) factors. (*Id.*)

      The section 3553(a) factors weigh heavily against reducing Mobley's sentence. There are virtually no changes to the 3553(a) factors that Judge Dearie considered at Mobley's sentencing in October of 2022 and again at re-sentencing in December of 2022. Although the Court takes seriously Mobley's health issues, Judge Dearie considered at sentencing Mobley's counsel's representations about the "significant time" Mobley spent in "juvenile centers in the New York area"; his medical history including his dental issues and high blood pressure; his commitment to his education and his work ethic; and recent literature on the limited efficacy of "state-conducted retribution imprisonment." (*See* Tr. of Oct. 14, 2022 Sent'g ("Oct. 14 Sent'g Tr.") 9:10–11; 10:10–18; 11:3–4; 12:8–13:10; 18:17–19:12, Docket Entry No. 368.) Judge Dearie further considered Mobley's statement that he took "full responsibility and accountability" for his crimes, would "do everything, whatever it is needed to do, to be able to right [his] wrong," and that he planned to "live the rest of [his] life trying to make a difference and be a positive role model." (*Id.* at 16:6–18; 17:14–15.)

At re-sentencing, Mobley's counsel reiterated to Judge Dearie that Mobley is "focused on the future and has decided and will do whatever is necessary to become a college graduate, to move on and be a leader and demonstrate the qualities that he has." (*See* Tr. of Dec. 16, 2022 Sent'g 6:9–12, Docket Entry No. 409.) Mobley also told Judge Dearie that he was "very remorseful" and "begg[ed] for forgiveness for [his] actions against [his] victim." (*Id.* at 7:5–6.) He stated that he was "committed to changing [his] past missteps to make [himself] a better person in the community," and that he was working to get his high school diploma and go to college, and that the "can do better and will do better." (*Id.* at 7:6–20.)

As Judge Dearie noted at sentencing, Mobley's crimes were "extraordinarily vicious" and "unimaginably cruel." (Oct. 14 Sent'g Tr. 28:9; 28:20–22.) Judge Dearie imposed a sentence at the low end of the Guidelines range, which was as "generous as [his] judgment permit[ted]," (*id.* at 29:11–15), and accounted for the impact of Mobley's personal difficulties as a child on his behavior as an adult, (*id.* at 27:16–22), the fact that Mobley was his eighty-eight year old's mother primary caretaker prior to his arrest, (*id.* at 29:3–8), and Mobley's expressions of remorse for his actions and his desire to help young people, (*id.* at 28:15–19). These factors, which Judge Dearie already weighed at sentencing and re-sentencing, do not now warrant a reduction in Mobley's sentence, particularly because Mobley has served less than twenty percent of the 228-month sentence Judge Dearie imposed. *See United States v. Gomez*, No. 15-CR-348, 2024 WL 4818704, at *8 (S.D.N.Y. Nov. 15, 2024) (explaining that the section 3553(a) factors the court previously considered continue to "weigh[] against granting the [d]efendant a sentence reduction" despite eligibility for a sentence reduction under Amendment 821); *United States v. O'Neill*, No. 22-CR-57, 2024 WL 4363009, at *2 (S.D.N.Y. Oct. 1, 2024) (concluding that the court's "analysis of the [s]ection 3553(a) factors remains unchanged regardless of Amendment

13

821," the sentence is "appropriate in light of the [s]ection 3553(a) factors and falls within the adjusted Guidelines range," and "a reduced sentence would not adequately address the [s]ection 3553(a) factors given [the] [d]efendant's criminal conduct"); *United States v. Dennis*, No. 21-CR-142, 2023 WL 3731275, at *2 (S.D.N.Y. May 12, 2023) (denying a motion to reduce sentence where the defendant "ha[d] served less than half his sentence to date and releasing him at this time would neither reflect the seriousness of his offense nor provide just punishment under section 3553(a)"); *United States v. Luviano*, No. 11-CR-1023, 2022 WL 4298696, at *4 (S.D.N.Y. Sept. 19, 2022) (explaining that the section 3553(a) factors were "largely unchanged since sentencing" and provide "an independent basis to deny" the defendant's motion for a reduction in sentence); *United States v. Cabrera*, No. 16-CR-238, 2021 WL 1648480, at *5 (D. Conn. Apr. 27, 2021) (explaining that "courts routinely consider the fraction of a sentence that the defendant has already served" in deciding a section 3582(c) motion and denying the request in part because the defendant "served just 40 percent of the sentence").

In addition, while Amendment 821 revised the Sentencing Commission's recommendation on the appropriate sentence for an individual who commits offenses while on probation, criminal history remains relevant to the Court's consideration of the section 3553(a) factors. While the Court applauds Mobley's dedication to his education, his demonstrated work ethic, and his desire to help people both in and out of a custodial setting, Mobley committed these robberies less than a year after being released from twenty-four years in state prison for armed robbery convictions, (PSR ¶ 97), and his criminal history, along with the other section 3553(a) factors discussed above, mandates a sentence that "reflect[s] the seriousness of the offense," "promote[s] respect for the law," "afford[s] adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(A)–(C).

14

*See Jacklyn*, 2025 WL 1216675, at *2–3 (explaining that the district court did not err where Amendment 821 retroactively lowered the defendant's criminal history score and Guidelines range, but the district court "conscientiously considered the section 3553(a) factors" and declined to reduce the defendant's sentence "in light of the violent and heinous nature of [the defendant's] offense conduct"); *Laporta*, 2025 WL 1202094, at *1 (upholding a district court's decision recognizing that the defendant was entitled to a reduction in criminal history points but not his sentence because, in part, of his "history of recidivism"); *United States v. Cirino*, No. 24-714-CR, 2024 WL 5154005, at *1 (2d Cir. Dec. 18, 2024) (upholding a district court's conclusion that, "notwithstanding [the defendant's] eligibility for a sentence reduction under Amendment 821, no sentence reduction was warranted under the sentencing considerations listed in 18 U.S.C. § 3553(a)," including because of "the seriousness of the conduct leading to [the defendant's] conviction, his leadership role, his criminal history, and the fact that he committed the crime while on supervision for a prior conviction"); *United States v. Boykins*, No. 18-CR-338, 2024 WL 4625294, at *3 (E.D.N.Y. Oct. 30, 2024) (explaining that while the defendant was eligible for a sentence reduction under Amendment 821, the section 3553(a) factors counseled against reduction because the defendant's conduct "was serious, violent, and harmful to the community" and he "committed the instant offense while on supervised release"); *United States v. Hernandez*, No. 20-CR-56-003, 2024 WL 3552789, at *3 (S.D.N.Y. July 26, 2024) (denying the defendant's motion for a sentence reduction because "[e]ven if [the defendant] qualified for a reduction of sentence pursuant to Amendment 821," "no reduction would be appropriate" because the court "weighed the sentencing arguments made by counsel with care"); *United States v. Cirino*, 742 F. Supp. 3d 215, 219–21 (D. Conn. 2024) (finding the defendant eligible for a sentence reduction under Amendment 821 but declining to reduce his sentence because, *inter alia*, the defendant

15

committed the offense while on supervised release).  The Court finds that the sentence of 228 months is sufficient but not greater than necessary to comply with the purposes of sentencing.

Accordingly, the section 3553(a) factors do not favor a reduction in Mobley's sentence. The Court therefore denies Mobley's motion.

### III. Conclusion

For the foregoing reasons, the Court denies Mobley's motion for a reduction in his sentence.

Dated: July 12, 2025
      Brooklyn, New York

                                          SO ORDERED:

                                                _____s/ MKB_____
                                                MARGO K. BRODIE
                                                United States District Judge